Avedice H. Nahigian *vs.* Marie A. Rosen *et al.*

JUNE 30, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Probate Law. Right of Heir to Aliene Estate. Descent and Distribution.*

Under Gen. Laws, 1923, cap. 369, sec. 29, providing that "No heir or devisee of a deceased person shall have power within two years and six months after the first publication of the notice of the qualification of the first executor or administrator on the estate of such person to incumber or aliene the real estate of the deceased so as to prevent or affect the sale thereof by the executor or administrator, if necessary," there is no necessity for a creditor whose action was pending at the time of decease of intestate, to seek the aid of equity by injunction to restrain the heirs from selling before the expiration of such period of limitation, for any conveyance of the land prior to that time places the alienee on the footing of the heir or devisee and the land in his hands remains subject to the same liability to sell as though it had remained unaliened.

Bill in Equity. Heard on appeal of complainant and dismissed.

Rathbun, J.  This is a bill in equity brought against Marie A. Rosen individually, as administratrix of the estate of her former husband, Simon Rosen, who deceased intestate, and as guardian of his children who are his heirs at law, and against said children to enjoin the alienation of the real estate owned by him at the time of his decease, to the end that said real estate may be available for the satisfaction of a judgment which the complainant expects to obtain in an action at law which was pending against the intestate at the time of his decease.  The Superior Court sustained a demurrer to the bill and entered a decree dismissing the bill.  The cause is before us on an appeal from said decree.

It appears from the bill that the complainant brought suit against the intestate, within his lifetime, together with three other persons alleging injuries caused by their failure to keep in repair real estate of which they were co-owners; that the complainant, within six months after the first publication of notice of the appointment of the administratrix, filed with the probate court having jurisdiction of the settlement of the intestate estate his claim as set forth in the pending suit; that the inventory discloses insufficient personal

estate to satisfy the complainant's claim; that respondent Marie A. Rosen is preparing, as guardian of said children, to sell said real estate which is needed to satisfy the complainant's said claim; that by statute his lien upon said real estate will expire two years and six months after said first publication of notice and that in all probability his claim and suit will be then still pending.

The complainant contends that the collection of his claim will be defeated if the heirs are permitted to sell said real estate.

Section 29, Chapter 369, G. L. 1923, provides as follows: "No heir or devisee of a deceased person shall have power, within two years and six months after the first publication of the notice of the qualification of the first executor or administrator on the estate of such person, to incumber or aliene the real estate of the deceased so as to prevent or affect the sale thereof by the executor or administrator, if necessary, as prescribed by law: Provided, however, unless otherwise directed by will or codicil, that after the expiration of the period of two years and six months from the date of such first publication (without any deduction of time when there was no representative of the estate), the heir or devisee may aliene or incumber the same, and the same shall not be chargeable with any lien for the debts of the deceased."

There is no jurisdiction to enjoin a sale after the expiration of said period of two years and six months because the statute provides that the heir or devisee may then "aliene or incumber the same, and the same shall not be chargeable with any lien for the debts of the deceased." There is no necessity for enjoining the heirs from selling before the expiration of said period. Indeed, as was clearly pointed out in *Honeyman* v. *Kelliher*, 20 R. I. 564, it would be to the complainant's advantage if the heirs should sell before the expiration of said period. The court, at page 565, said: "The statute charging the real estate of a decedent with the payment of his debts does not limit that charge to three years and six months, and hence it was held in *Mowry* v.

*Robinson,* 12 R. I. 152, that so long as the estate remains in the hands of the heir it is liable to be sold on the application of the administrator, even though such application is not made until more than three years and six months have elapsed since the grant of administration. It is the alienation of the land by the heir or devisee, after three years and six months, which terminates the charge on the land as against the right of the administrator, and hence any conveyance of the land prior to that time simply places the alienee on the footing of the heir or devisee, and the land in his hands remains subject to the same liability to sell as though it had remained unaliened. *Johnson, Petitioner,* 15 R. I. 438."

So far as the question under discussion is involved, there has been no substantial change in the statute which was construed in the *Honeyman* case, except the period within which an heir or devisee may not alien or incumber free from debts has been reduced to two years and six months.

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Arthur Cushing, Edward W. Bradford,* for complainant.
*Alfred S. & Arthur P. Johnson,* for respondent.